IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT STEVENS DAIL, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-09-0796 |
| § | |
| RICK THALER, § | |
| § | |
| *Respondent.* § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Robert Stevens Dail, proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his 1996 guilty plea. Respondent filed a motion for summary judgment (Docket Entry No. 20), to which petitioner filed a response (Docket Entry No. 21).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to murder and was sentenced to twenty years incarceration on April 25, 1996. No direct appeal was taken. Petitioner's application for state habeas relief, filed on August 19, 1998, was denied by the Texas Court of Criminal Appeals on March 31, 1999. Petitioner filed a second state habeas application on February 8, 2008, complaining that his 2005 and 2008 parole denials violated, and effectively cancelled, his 1996 plea agreement. The Texas Court of Criminal Appeals denied the application on December 3, 2008.

Petitioner filed the instant habeas petition on March 17, 2009, complaining that:

1. No evidence of guilt was presented at his 1996 guilty plea hearing.

2. The parole denials violated, and effectively cancelled, his plea agreement.

3. The parole denials, based on the nature of his offense, violated the plea agreement and state law.

4. The parole denials constituted *ex post facto* violations.

Respondent moves for summary judgment dismissal of these claims based on expiration of the federal one-year statute of limitations and, in the alternative, argues that the claims are without merit.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives

at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

    B.    <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted as correct by the federal habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III.   ANALYSIS

A.   <u>Statute of Limitations</u>

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

    B.    <u>Challenge to 1996 Guilty Plea</u>

Plaintiff claims that no evidence of his guilt was introduced at his guilty plea hearing on April 25, 1996. Although this claim appears unexhausted, the Court will address the claim as it is both barred by limitations and without merit.

Because petitioner did not file a direct appeal of his conviction of April 25, 1996, the conviction became final for purposes of AEDPA thirty days later, on May 25, 1996.

5

Petitioner's section 2254 petition was due one year later, on May 25, 1997. Accordingly, the instant petition, filed in March 2009, is untimely by nearly twelve years.[1]

In his response to the motion for summary judgment, petitioner contends that he is entitled to equitable tolling of limitations because he was unable to file a state habeas petition until January 1998 when he was transferred to a prison unit with adequate legal materials. (Docket Entry No. 21, p. 2.) Even assuming limitations were tolled during that time, petitioner's state habeas challenge to his conviction was filed on August 1998, and denied by the Texas Court of Criminal Appeals on March 31, 1999. The instant federal petition was not filed until nearly ten years later. Petitioner fails to present probative summary judgment evidence of circumstances entitling him to equitable tolling throughout that ten-year period of time, nor does he establish grounds for an alternative commencement of limitations under 28 U.S.C. §§ 2244(d)(1)(B)-(D) that would result in a timely filing of the instant federal petition. Petitioner's challenge to the sufficiency of the evidence is barred by limitations.

Regardless, the claim is without merit. The record shows that, at his guilty plea hearing, petitioner executed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," wherein he judicially stipulated that he committed the criminal acts as charged and agreed that his stipulation and judicial confession could be introduced as evidence at the guilty plea hearing. *Ex parte Dail*, pp. 83-87. Texas has long recognized that

---

[1] Petitioner speculates that his plea hearing was deliberately delayed until after the effective date of AEDPA on April 24, 1996. However, had petitioner pleaded guilty prior to April 24, 1996, his federal habeas petition would have been due under AEDPA on April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998).

a criminal defendant's written stipulation and judicial confession in a non-capital case constitute sufficient evidence to support a guilty plea conviction. *See Schultz v. State*, 510 S.W.2d 940, 942 (Tex. Crim. App. 1974); *see also Sanchez v. State*, 2010 WL 3212120 (Tex. App. – Houston [1st Dist.] 2010, no pet.).

Respondent is entitled to summary judgment dismissal of this claim.

C. <u>Parole Denials as Violations of 1996 Plea Agreement</u>

Petitioner asserts that, at his 1996 plea hearing, both his trial counsel and the trial court promised he would be eligible for parole. He contends that, because he has twice been denied parole by the Texas Board of Pardons and Paroles (the "Board"), his plea agreement has been breached, cancelled, and rendered involuntary. (Docket Entry No. 1, pp.7- 8.) In short, petitioner argues that, if he were truly eligible for parole, he would have been granted parole.

Respondent contends that petitioner was denied parole for the first time on January 31, 2005, which commenced limitations on these claims as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under 28 U.S.C. § 2244(d)(2). Consequently, petitioner had until January 31, 2006, to file a federal habeas petition raising these complaints. Respondent states that petitioner's subsequent state habeas application raising these or similar issues, filed on February 8, 2008, was filed after expiration of limitations and had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, the instant petition, filed in 2009, is untimely.

7

In response, petitioner argues that he is entitled to equitable tolling because "he was denied access to state records." (Docket Entry No. 21, p. 7.) Petitioner fails, however, to show that he was denied any relevant and available state records during the time period between January 31, 2005 (his parole denial), and January 31, 2006 (limitations expired). He further fails to show that any particular state court records were necessary to file a state habeas application regarding his 2005 parole denial.

To the contrary, petitioner's claim of being promised parole was, and remains, based on trial counsel's alleged writing on a file and a statement made by the trial court during the unrecorded hearing, neither of which would have appeared in the state court record. To the extent petitioner claims entitlement to equitable tolling based on fraud and conspiracy, his conclusory allegations are unsupported by probative summary judgment evidence. Because petitioner does not establish that he was in some material way prevented from challenging his 2005 parole denial until 2008, no grounds for equitable tolling are shown, and his claims are barred by limitations.

Even assuming these issues were not barred by limitations, they are without merit. In denying habeas relief on these claims, the Texas Court of Criminal Appeals expressly found that petitioner was eligible for parole; that neither trial counsel, the State, nor the trial court promised petitioner that he would be granted release on parole; that petitioner failed to establish that the State breached the plea agreement; and that petitioner's guilty plea was knowingly and voluntarily made. Petitioner's disagreements with these findings are

insufficient to rebut by clear and convincing evidence the presumed correctness of the findings. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, established Supreme Court precedent, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. § 2254(e)(1).

Respondent is entitled to summary judgment dismissing these claims.

### D. Parole Denials Based on Nature of Offense

Petitioner complains that he was twice denied eligibility for parole, in violation of his plea agreement and promises made by trial counsel and the trial court. As proof that he was denied eligibility for parole, petitioner directs the Court to his parole denial notice for January 31, 2005, and January 28, 2008, which stated that he was denied parole based on the nature of his murder offense:

> Dail was reviewed by the Board for possible release onto parole on 1-31-2005 and 1-28-2008. On 1-31-2005, the Board denied Dail's release on parole for reason 2D: '2D: Nature of the Offense. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety or property of others; the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; the record indicates the use of [a] weapon.' His next review was set for January of 2008. On January 28, 2008 the Board again denied Dail's release on parole for reason: 2D and set a next review date of January 2011.

*Ex parte Dail*, p. 34. It is petitioner's position that, because he can never change this "nature of the offense" ground for denial of parole, he was, and remains, effectively ineligible for parole, in violation of his plea agreement.

9

Respondent re-asserts his argument that, because petitioner was aware on January 31, 2005, that he was denied parole based on the nature of his offense, the one-year statute of limitations commenced on that date and expired one year later on January 31, 2006. As petitioner did not file his state habeas application challenging the parole denial until after expiration of the one-year limitation, it had no tolling effect and this claim is now barred. Because petitioner does not establish that he was in any material way prevented from challenging his 2005 parole denial until 2008, no grounds for equitable tolling are shown, and his claim is barred by limitations.

Even assuming the claim were not barred, it is without merit. The state court record clearly evinces that petitioner was, and remains, *eligible* for parole, but that the Board has twice determined he lacks *suitability* for release to parole. Eligibility and suitability for parole are separate parole considerations. *See Wallace v. Quarterman*, 516 F.3d 351, 355-56 (5th Cir. 2008). That the Board has twice denied petitioner parole for unchanging and unchangeable reasons based on the nature of his offense is unrelated to the fact that he remains eligible for parole under applicable state law.

The Texas Court of Criminal Appeals denied habeas relief on these claims, and expressly found that petitioner was eligible for parole; that neither trial counsel, the State, nor the trial court promised petitioner that he would be granted release on parole; that petitioner failed to establish that the State breached the plea agreement; and that petitioner's guilty plea was knowingly and voluntarily made. Petitioner's conclusory allegations and disagreements

with these findings are insufficient to rebut by clear and convincing evidence the presumed correctness of the findings. The state habeas courts denied relief on these issues. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, established Supreme Court precedent, or was an unreasonable determination of the facts based on the evidence in the record. 28 U.S.C. § 2254(e)(1).

Respondent is entitled to summary judgment dismissing these claims.

E.      Parole Denials as *Ex Post Facto* Violations

Petitioner next complains that "the Texas Board has usurped authority of the Legislature by granting itself the power to eliminate parole eligibility earned by a prisoner" by relying on the unchanging nature of the offense to deny parole, in violation of federal *ex post facto* prohibitions. This claim is apparently unexhausted, but will be considered as it is barred by limitations and patently without merit.

Respondent again correctly argues that this claim is barred by limitations for the same reasons as were petitioner's other parole denial claims. Regardless, petitioner's claim is groundless. Eligibility for parole, as provided by state law, and suitability for parole, as determined by the Board, constitute independent parole issues, and the Board's determination that an eligible inmate is unsuitable for parole does not give rise to an *ex post facto* violation. *See Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir. 2008).

Respondent is entitled to summary judgment dismissing this claim.

11

F.  Denials of Parole

To any extent that petitioner's claims raise federal due process challenges to his parole denials, the claims are without merit. Texas inmates enjoy no federally protected liberty interest in release to parole, and no cognizable federal due process claim is presented. *See Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007). Similarly, to any extent petitioner claims that the Board violated state law in denying him parole, no cognizable federal habeas claim is raised. *See Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).

## IV.  CONCLUSION

The motion for summary judgment (Docket Entry No. 20) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 17th day of September, 2010.

*/s/ Keith P. Ellison*

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE